***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On August 14, 2000, Plaintiff sustained injuries to her left arm arising out of and in the course of her employment with Defendant-Employer.
2. On that date the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On that date an employment relationship existed between Plaintiff and Defendant-Employer.
4. The Defendant-Employer is self-insured and Cunningham Lindsey is the administrator of this worker's compensation claim.
5. Plaintiff's average weekly wage at the time of her injury was $483.70. Her compensation rate is $322.48.
6. Defendant originally denied Plaintiff's workers' compensation claim but later accepted it on November 28, 2000, and filed a Form 60 on December 18, 2000.
7. Plaintiff was diagnosed with chronic left radial nerve compression and underwent surgery to correct that problem on February 22, 2001. Subsequent to the surgery she was diagnosed with complex regional pain syndrome in her left arm. These conditions arise out of and are related to Plaintiff's original injury of August 14, 2000.
8. Plaintiff lost time from work due to her injuries beginning in August, 2000.
9. Although during different periods between September 3, 2000, and July 16, 2001, Plaintiff's treating physician allowed Plaintiff to work part time for Defendant-Employer at various jobs, Plaintiff has not returned to her job as a forklift driver nor obtained other full time employment.
10. Plaintiff last worked on July 15, 2001.
11. At no time since her injury has Plaintiff's treating physician determined that Plaintiff has reached maximum medical improvement.
12. Plaintiff alleges that based upon the medical facts, she is disabled and has been so since on or before September 4, 2000.
13. Defendant has paid temporary total and temporary partial disability benefits under the original Form 60 and various Forms 62 but denies that Plaintiff is disabled and will not voluntarily enter into a Form 21 agreement.
14. With the exception of one week of temporary partial disability benefits which is not at issue at this time, Defendant have paid appropriate temporary total and temporary partial disability benefits under the Forms 60 and 62 which they have filed.
15. On May 30, 2001, Plaintiff served on the Defendant-Administrator by mail a completed Form 21 signed only by Plaintiff and her counsel and requested that Defendant sign the form and submit it to the Industrial Commission.
16. Defendant did not respond to Plaintiff's request within 20 days as requested.
17. On June 25, 2001, Plaintiff sent a request to Tracey Weaver, Executive Secretary of the Industrial Commission, to enter the Form 21 in this matter pursuant to Rule 501(7).
18. On August 23, 2001, Ms. Weaver declined to enter the Form 21 without Defendant's signature under Rule 501(7) and (after the Full Commission declined to hear her appeal), Plaintiff filed a Form 33 on September 21, 2001, to bring the matter before a Deputy Commissioner.
19. The following exhibits were admitted into evidence by stipulation:
(a) Pre-Trial Agreement was admitted as Stipulated Exhibit 1.
(b) A set of medical records was admitted as Stipulated Exhibit 2.
20. The sole issue for determination is whether under Rule 501(7) Defendant's failure to respond to Plaintiff's request to sign and submit the Form 21 within 20 days entitles Plaintiff to have the Form 21 entered by the Industrial Commission without Defendant's signatures and treated as an agreement between the parties or treated as an order of the Commission?
 ***********
Based upon the evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff suffered a compensable injury by accident on August 14, 2000.
2. Plaintiff was diagnosed with chronic left radial nerve compression and underwent surgery on February 22, 2001.
3. Subsequent to the surgery plaintiff was diagnosed with complex regional pain syndrome in her left arm. These conditions arise out of and are related to the plaintiff's original injury of August 14, 2000.
4. Although plaintiff's treating physician has allowed her to work part time periodically between September 3, 2000 and July 16, 2001, plaintiff has not returned to her job as a forklift driver nor obtained other full time work. Plaintiff last worked on July 15, 2001.
5. The plaintiff's treating physician has not determined that the plaintiff has reached maximum medical improvement. A Form 60 was entered by defendant on January 2, 2001.
7. On February 26, 2001 plaintiff served defendant-administrator with a completed Form 21 which was signed only by plaintiff and her counsel who requested that defendant sign the form and submit it to the Industrial Commission.
8. There was no agreement to enter into a Form 21 between plaintiff and defendant.
9. Defendant has paid and currently continues to pay to plaintiff the compensation due under the various Forms 60 and 62 which have been filed with the exception of one week of temporary partial disability benefits which are not at issue at this time.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendant's failure to respond to Plaintiff's request to sign and submit a Form 21 Agreement within 20 days does not entitle Plaintiff to have the Form 21 entered by the Industrial Commission without Defendant's signatures and treated as an agreement between the parties or treated as an order of the Commission. Based upon the plain language of Workers' Compensation Rule 501 and N.C. Gen. Stat. § 97-82, a Form 21 may only be entered when the parties have reached an agreement. As there was no meeting of the minds, Workers' Compensation Rule 501(7) does not apply and the Industrial Commission has no authority to impose an agreement upon the parties.
2. Currently, there is no dispute as to the plaintiff's entitlement to benefits; therefore, this matter is not ripe for hearing. N.C. Gen. Stat. §§ 97-83, 97-91; Workers' Compensation Rule 602.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's request that the Industrial Commission enter a Form 21, without the agreement of both parties, and treat it as an agreement between the parties or as an order of the Industrial Commission must be, and the same is hereby, DENIED.
2. Each side shall bear it's own costs.
This the 6th day of February, 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING WITH A SEPARATE OPINION:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER